**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**HELEN CARR,**

      **Petitioner,**

v.                                             **Criminal Action No. 2:03cr131**
                                                **Civil Action No. 2:05cv55**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**ORDER and OPINION**

Pending before the court is a Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the petition"), filed by Helen Carr ("the petitioner"), on January 25, 2005. The petitioner, in reliance on the decision of Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), claims that her sentence was in violation of the Sixth Amendment because she was attributed with a twelve point enhancement based on the amount of loss and a four point enhancement based on the number of victims. The court finds, however, that it plainly appears from the face of the petition that the petitioner is not entitled to relief and that the petition is subject to summary dismissal. See Rule 4, Rules Governing Section 2255 Proceedings.

I. Background

On August 28, 2003, the petitioner was charged in a one-count indictment with conspiracy to possess unauthorized access devices. The petitioner entered into a plea agreement with the government and pled guilty to Count One on October 28, 2003. On January 21, 2004, the court

1

sentenced the petitioner to 46 months imprisonment. The petitioner did not appeal this sentence.

## II. Discussion

A petitioner collaterally attacking her sentence or conviction bears the burden of proving that her sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. See Rule 8, Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to Section 2255. The AEDPA includes stringent limitations on the filing of successive Section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Additionally, the AEDPA implements a one-year limitations period applicable to the filing of Section 2255 petitions. The instant petition is not successive, and was filed within the one-year limitations period. Therefore, the court turns to the merits of the Motion.

The petitioner argues based on Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005) that her sentence is unconstitutional because the court applied guideline enhancements based on judicially determined facts. Moreover, the petitioner argues under Teague v. Lane, 489 U.S. 288 (1989), that both Blakely and Booker are retroactive to cases on collateral review. However, because the court finds that neither Blakely nor Booker have

been made retroactively applicable to cases on collateral review, the petitioner's claims have no merit.

Blakely represents an extension of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that a judge may not increase a sentence above the statutory maximum unless that sentence is based on the factual findings of the jury or the admissions of the defendant. See Apprendi, 530 U.S. at 483. The Court in Blakely explained that, for purposes of Apprendi, the statutory maximum is not the maximum possible sentence for the crime but the maximum sentence that could be imposed by a judge based on the facts that were determined by a jury beyond a reasonable doubt or admitted by the defendant. See Blakely, 124 S. Ct. at 2537.

Blakely discussed the sentencing guidelines used by the state of Washington and the Supreme Court specifically declined to address the applicability of its holding to the federal sentencing guidelines. See id. at 2538 n.9. The Court subsequently applied the holding in Blakely to the federal guidelines, holding both that the mandatory nature of the guidelines violated the Sixth Amendment for the reasons stated in Blakely, but also that Congress would have preferred an advisory guideline scheme to none at all. See Booker, 125 S.Ct at 745, 756. Thus, even though this petition was filed prior to the Court's decision in Booker, it is that decision, rather than Blakely, that is applicable to her sentence under the federal sentencing guidelines.

As this is a collateral attack on a final sentence, the court must determine if the rule announced in Booker may retroactively apply to the petitioner. Retroactivity is applicable to cases in which a criminal defendant has been found guilty and her conviction has become final prior to the announcement of the new rule. See United States v. Lilly, 342 F. Supp. 2d 532, 535 (W.D. Va.

2004). A conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed." Teague v. Lane, 489 U.S. 288, 295 (1989).

As the petitioner's conviction clearly became final prior to the decisions in Blakely and Booker, the petitioner must show that the Supreme Court decision she wishes to take advantage of announced a new rule and that this new rule is retroactive on collateral review. See id. at 308. A decision announces a new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final." Id. at 301. Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent. The application of Apprendi to the sentencing enhancements in the guidelines was certainly not foreseen by the courts of appeals after the Supreme Court decided Apprendi. See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that court can enhance sentences on bases of judicially determined facts so long as statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from other courts of appeals).

Assuming then, that the decision announced in Blakely and extended to the federal sentencing guidelines in Booker announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, or show that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

There is little doubt that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S. Ct. at 2523. Booker does

4

not involve the substantive determination of what type of conduct is lawful or unlawful. Moreover, the rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), upon which Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review. See Summerlin, 124 S. Ct. at 2523; United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001) (finding that rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S. Ct. at 2523; Teague v. Lane, 489 U.S. 288, 311 (1989). In order to constitute such a rule, it must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S. Ct at 2525 (quoting Teague, 489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application.

McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. Feb. 2, 2005).

There is nothing in either Blakely or Booker to suggest that the Supreme Court meant to overrule the many cases holding that Apprendi does not apply retroactively on collateral review. This determination is in line with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker. See id.; Lilly, 342 F. Supp. at 538-39 n.5 (citing cases). In fact, in addition to

5

the Seventh Circuit's decision in McReynolds, each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review. See United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); Guzman v. United States, 2005 U.S. App. Lexis 5700, at *12 (2d Cir. April 8, 2005).

### III. Conclusion

The rule explained in Blakely may only apply to the petitioner through Booker, which applied Apprendi and Blakely to the federal sentencing guidelines. As the court finds that this new procedural rule is not a watershed rule of criminal procedure, and because the petitioner's conviction was final well before either Blakely or Booker were announced, the rule does not apply to the petitioner's request for collateral review.

Accordingly, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability is **DENIED**.

The petitioner is **ADVISED** that she may appeal this denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 6th, 2005